UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH DANIEL HUGHES,

Petitioner,

vs.

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

Respondent.

Case No. 6:26-mc-16-CEM-RMN

**ORDER**[1]

This matter is before the Court without oral argument on a motion filed by Petitioner, Joseph Daniel Hughes, to quash an investigative subpoena issued by the United States Securities and Exchange Commission ("SEC") to Block, Inc. on April 27, 2026. Dkts. 1 (motion), 5-1 (subpoena). The agency filed a response in opposition. Dkt. 6.

[1] I agree with my colleague, Magistrate Judge Hoffman Price, that the motion may be adjudicated by a magistrate judge as an order. *See Hughes v. SEC*, No. 6:26-mc-15, 2026 WL 1953147, at 1 n.1 (M.D. Fla. July 6, 2026).

## I. BACKGROUND

The SEC is investigating ZenChip Prime Corp. and Duke Pro Max Inc. for violations of the Securities Act of 1933. The agency issued the challenged administrative subpoena for financial and other records as part of that investigation. Hughes challenges the subpoena under the Right to Financial Privacy Act of 1978 ("RFPA").

## II. ANALYSIS

The RFPA provides:

> Within ten days of service or within fourteen days of mailing of a subpoena, summons, or formal written request, a customer may file a motion to quash an administrative summons or judicial subpoena, or an application to enjoin a Government authority from obtaining financial records pursuant to a formal written request, with copies served upon the Government authority. A motion to quash a judicial subpoena shall be filed in the court which issued the subpoena. A motion to quash an administrative summons or an application to enjoin a Government authority from obtaining records pursuant to a formal written request shall be filed in the appropriate United States district court. Such motion or application shall contain an affidavit or sworn statement--
>
> (1) stating that the applicant is a customer of the financial institution from which financial records pertaining to him have been sought; and

> (2) stating the applicant's reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice, or that there has not been substantial compliance with the provisions of this chapter.

12 U.S.C. § 3410(a).

Hughes timely filed the motion. He also filed a sworn statement stating that he is a customer of Block, Inc., and that he seeks an order quashing the subpoena on three grounds: (1) he has no business relationship with Duke Pro Max; (2) a former business associate engaged in activity without his authorization; (3) the records requested by the subpoena are not relevant because there were no transactions between himself and Duke Pro Max, there "was no financial relationship," and there "was no participation in any fundraising activity"; (4) the subpoena is overbroad and would require disclosure of personal financial activity, transactions unrelated to the SEC's investigation, and information regarding third parties with no connection to Duke Pro Max; and (5) Petitioner has fully cooperated with the SEC to date by providing requested information and engaging in communication with investigators.

"The RFPA provides only three grounds on which the district court may quash a subpoena: (1) the agency's inquiry is not a

legitimate law enforcement inquiry or (2) the records requested are not relevant to the agency's inquiry or (3) the agency has not substantially complied with the RFPA." *Hornaday v. SEC*, No. 6:17-mc-15, 2017 WL 11696742, at *3 (M.D. Fla. Apr. 5, 2017), *report & recommendation adopted*, 2017 WL 11696741 (M.D. Fla. Apr. 26, 2017) (quoting *Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd.*, 878 F.2d 875, 882 (5th Cir. 1989), and citing 12 U.S.C. § 3410(c)).

Hughes does not contend the inquiry is not a legitimate law enforcement inquiry. Nor does contend the agency did not substantially comply with the RFPA. He instead challenges the relevancy of the records requested by the subpoena, which is the only grounds not waived. *See, e.g.*, *Hornaday*, 2017 WL 11696742, at *3 (addressing relevancy alone where that was the only issue addressed by the motion to quash).

"For purposes of an administrative subpoena, the notion of relevancy is a broad one." *Sandsend*, 878 F.2d at 882. An agency "can investigate merely on the suspicion that the law is being violated, or even just because it wants assurance that it is not." *United States v. Morton Salt Co.*, 338 U.S. 632, 642–43 (1950). As the Fifth Circuit has noted, "[s]o long as the material requested

touches a matter under investigation, an administrative subpoena will survive a challenge that the material is not relevant." *Sandsend*, 878 F.2d at 882.

Even if the RFPA applied,[2] Hughes' objections to the subpoena are overruled. The SEC is investigating ZenChip, and that Hughes has a relationship with that entity. *See* Dkt. 6 at 31–32. And so, Hughes' protestation that he has no business relationship with Duke Pro Max Inc. is irrelevant.

The subpoena's requests are not overbroad. In fact, the breadth is required for the investigation, which necessarily requires all the information and documentation bearing on the financial transactions facilitated by Block Inc.

Lastly, Hughes' professed cooperation does not supply a reason to quash the subpoena. *Hornaday*, 2017 WL 11696742, at *3 (reasoning that a movant's "self-serving and bare bones assertion that there is 'nothing to see here' is not sufficient to overcome the substantial showing made by the SEC").

[2] The SEC contends the RFPA does not apply because Block, Inc. is not a financial institution as that term is defined by the RFPA. See Dkt. 6 at 24–27. Because the Court finds Hughes' objections are otherwise without merit, this order need not address this argument.

## III. CONCLUSION

For these reasons, the Motion is **DENIED**.

**SO ORDERED** in Orlando, Florida, on August 10, 2026.

ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Joseph Daniel Hughes
921 Westcliffe Drive
Winter Garden, Florida 3478

Counsel of Record